# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 14-03404-HB |
| | Chapter 13 |
| Lesslie Brooke Pittman, | **ORDER** |
| Debtor(s). | |

**THIS MATTER** comes before the Court upon the *Motion to Determine Post-Petition Fees, Expenses, and Charges under Fed. R. Bankr. P. 3002.1* ("Motion"), filed by F. Lee O'Steen on behalf of Debtor Lesslie Brooke Pittman. Pittman's Motion is in response to the *Notice of Postpetition Mortgage Fees, Expenses, and Charges* ("3002.1 Notice") filed by Nationstar Mortgage, LLC ("Nationstar"), requesting a total of $650.00 in post-petition fees.

## FACTS

1. Pittman filed a petition for Chapter 13 bankruptcy relief on June 11, 2014.

2. Pittman and her non-filing husband co-own a residence and owe a debt to Nationstar that is secured by a first mortgage on the property. The mortgage provides:

> If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation, or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property . . .

3. Pittman's plan indicates she is current on obligations to Nationstar and will continue regular payments directly to Nationstar outside of the plan. The Chapter 13 plan also indicates there are no arrears owed to Nationstar that will be cured through monthly plan payments pursuant to 11 U.S.C. § 1322(b)(3) and/or (5).[1]

---

[1] Further reference to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, will be by section number only.

4. The Court confirmed Pittman's Chapter 13 plan on August 21, 2014, without objection from Nationstar.

5. Nationstar filed a proof of claim on September 16, 2014, indicating that Pittman was $841.11 in arrears at the time her Chapter 13 case was filed. That amount consists of $663.42 for one installment payment and $177.69 for an "escrow shortage." The claim states the last payment was received on May 30, 2014. However, this case was filed on June 11, 2014, and the proof of claim does not indicate when the $663.42 installment payment was due and missed, and it is unclear whether the "escrow shortage" is included to indicate the future regular payment amount or some amount resulting from a prior default.

6. Although Pittman has not yet objected to Nationstar's claim, she contends in her Motion, and her counsel asserted at the hearing, that she was not in arrears at the time her Chapter 13 case was filed.

7. A review of Nationstar's proof of claim indicates that it is uncomplicated and unremarkable, and likely incorrectly completed. The claim is signed by Max A. Zaleski as agent for Nationstar and placed on the CM/ECF claims register using the login credentials for Weinstein, Pinson, & Riley, P.S., located in Seattle, Washington.

8. On January 15, 2015, Nationstar filed a 3002.1 Notice requesting $650.00 for fees incurred post-petition. Of that total, $225.00 were for "Attorney fees" incurred post-confirmation on August 27, 2014 (six days after Debtor's plan was confirmed), and $425.00 for "Bankruptcy/proof of claim fees" incurred on October 21, 2014 (even though the proof of claim was filed on September 16, 2014). Only the dates and these brief descriptions of the services were included.

9. The 3002.1 Notice is signed by "Assistant Secretary" Jonathan Williams of Nationstar and placed on the CM/ECF docket claims register using the login credentials of Michael Daniels, also from Nationstar.

10. After due notice, Nationstar did not respond in opposition to Pittman's Motion and did not appear at the March 5, 2015, hearing.

### DISCUSSION AND CONCLUSIONS OF LAW

Pursuant to Rule 3002.1, creditors are required to provide Chapter 13 debtors with timely notice of any post-petition charges or payment changes in certain instances. Rule 3002.1 "applies in a chapter 13 case to claims that are (1) secured by a security interest in the debtor's principal residence, and (2) provided for under § 1322(b)(5) of the Code in the debtor's plan." Fed. R. Bankr. P. 3002.1(a). Subsection (c) of the Rule provides:

> The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.

Fed. R. Bankr. P. 3002.1(c). Rule 3002.1(d) specifies that the notice shall be prepared using the appropriate Official Form and filed as a supplement to the creditor's proof of claim. Upon receipt of the notice, a debtor or trustee may file a motion requesting that, after notice and hearing, the Court determine whether payment of the fee, expense, or charge is required by the underlying agreement and applicable non-bankruptcy law. Fed. R. Bankr. P. 3002.1(e).

Assuming Rule 3002.1 applies to the instant matter,[2] the undersigned agrees with *In re Lighty*, 513 B.R. 489 (Bankr. D.S.C. 2014), wherein Judge Duncan indicated that mortgage

---

[2] This appears to be Nationstar's position because the Notice was filed pursuant to Rule 3002.1.

3

creditors must give adequate descriptions for these contractual charges.[3] While the creditors' deficiencies in *Lighty* were remedied by subsequent evidence and testimony, Judge Duncan noted that "additional pages could have been attached describing the work performed . . ." and "the Court may find the criteria of Rule 3002.1(e) unsatisfied in future challenges to Rule 3002.1 notices where a fuller description of the services performed is not provided in the notices." *Id.* at 497 n.5.

As warned in *Lighty*, simply including "Attorney fees" or "Bankruptcy/proof of claim fees" on the 3002.1 Notice (or proof of claim) does not necessarily support the charge made. Moreover, "[u]nlike a standard proof of claim, a notice filed under Rule 3002.1 does not constitute *prima facie* evidence as to the validity or amount of the claimed charges. Without the benefit of this presumption, the notice is more susceptible to challenge." *In re Susanek*, C/A No. 12-23545-GLT, 2014 WL 4960885, at *2 (Bankr. W.D. Pa. Sept. 30, 2014) (citing Fed. R. Bankr. P. 3002.1(d)).

In this matter, the Court cannot even determine from the documents provided that any attorney was involved in the preparation and filing of Nationstar's claim and 3002.1 Notice. Without any response, testimony, or other evidence presented by Nationstar to demonstrate that the requested fees are allowable pursuant to the underlying agreement or non-bankruptcy law, or that such fees were actually incurred and are necessary and/or reasonable, there is insufficient information for a finding that the requested fees for the services are permissible. Accordingly, Nationstar may not charge the post-petition fees referenced in Pittman's Motion.

---

[3] Similar to the case at hand, in *Lighty*, the mortgage creditors' 3002.1 notices requested fees described as: "Attorney fee: POC and Plan review" and "Bankruptcy/Proof of claim fees." 513 B.R. at 491.

4

**IT IS THEREFORE ORDERED** that Pittman's *Motion to Determine Post-Petition Fees, Expenses, and Charges under Fed. R. Bankr. P. 3002.1* is **GRANTED** and Nationstar's request for post-petition fees of $650.00 is **DENIED**.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**03/16/2015**



Entered: 03/16/2015

US Bankruptcy Judge
District of South Carolina